Filed 8/5/14  P. v. Dermesrobian CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, | 2d Crim. No. B250719 |
| Plaintiff and Respondent, | (Super. Ct. No. PA070550) |
| | (Los Angeles County) |
| v. | |
| VAHE DERMESROBIAN, | |
| Defendant and Appellant. | |

Vahe Dermesrobian appeals from a judgment after conviction by jury of attempted premeditated murder with personal use and discharge of a firearm (Pen. Code, §§ 664/187, subd. (a), 12022, subd. (a), 12022.53, subd. (b), 12022, subd. (c)), and after plea of guilty to four counts of making criminal threats (§ 422) and one count of stalking. (§ 646.9.)  The trial court sentenced Dermesrobian to 32 years to life plus five years, eight months in prison.

Dermesrobian contends that his conviction for attempted murder must be reversed because the trial court diluted the prosecutor's burden of proof when, during voir dire, it said, "the People have to prove the case beyond a reasonable doubt, not beyond all doubt."  He also contends the court diluted his rights when it referred to his "privilege" not to testify instead of his "absolute constitutional right" not to do so.  We affirm.

## PROCEDURAL BACKGROUND

Mario Gamez got into a car with Demresrobian, David Arutyunyan and Karen Bezidzhyan in order to sell them heroin. Dermesrobian revealed a gun and Gomez fled. Dermesrobian shot him several times in the back.

Gamez identified Dermesrobian in a photographic lineup. He did not identify Dermesrobian at trial. Gamez testified under a grant of immunity.

Cell phone records placed Dermesrobian within .8 miles of the shooting. Police officers found photos of a .22 caliber rifle, and ammunition for it, in Dermesrobian's house.

Police officers found an identical .22 caliber rifle in Ari Sahnazoglu's car. In a recorded telephone call, Sahnazoglu told his girlfriend it was the rifle Dermesrobian used. At trial, Sahnazoglu said it was not. No tests were conducted on the rifle.

Sahnazoglu testified that Dermesrobian's friend said they had been robbing drug dealers using a gun. According to Sahnazoglu, Dermesrobian was present and "just smiled." The friend contradicted Sahnazoglu's testimony at trial. Sahnazoglu was a convicted felon and a member of the Armenian Power gang.

During voir dire, the trial court read the standard instruction on reasonable doubt and then explained, "What that means is if I were to ask you how you will vote right now, your vote would not be guilty. Why? Because as the defendant sits there he's presumed to be innocent. This means the defendant doesn't need to present any evidence. Mr. Newton can sit there and not ask any questions. He doesn't have to call any witnesses because the burden is on the prosecution.

"Again, the People have to prove the case beyond a reasonable doubt, not beyond all doubt. Okay? And again, the attorneys will talk to you about those different standards of proof.

"A lot of times people come in the courtroom and they look around, see who everybody is and sometimes they look at the defendant and say what did he do. Again, that is not the right way to look at it. The right way to look at it is what he is accused of doing.

2

"Another important concept is that a lot of times people say, well, I need to hear from both sides before I make a decision.  A criminal case doesn't work like that.  The defendant has a privilege against self-incrimination.  If he chooses not to testify you cannot consider that fact for any reason whatsoever.  Again, that's an instruction that I'll give you and it's an instruction that I will ask you to follow.  You are required by law to follow my instructions as I give them to you."

DISCUSSION

*Reasonable Doubt Instruction*

Dermesrobian contends the trial court's explanation of the reasonable doubt instruction impermissibly reduced the prosecutor's burden of proof.   We disagree.

The trial court gave the standard reasonable doubt instruction three times.  (CALCRIM No. 220.)  In voir dire, it correctly stated that proof beyond a reasonable doubt does not require proof beyond all doubt.  (CALCRIM No. 220 ["the evidence need not eliminate all possible doubt because everything in life is open to some possible or imaginary doubt"; *People v. Pierce* (2009) 172 Cal.App.4th 567, 572 [CALCRIM No. 220 correctly states the law].)

In contrast to the cases upon which Dermesrobian relies, the trial court here did not suggest that the jurors should use the same deliberative process they use for everyday decision-making.  In *People v. Johnson* (2004) 119 Cal.App.4th 976, 985-986, the trial court impermissibly lessened the prosecutor's burden when it likened the deliberative process to the "kind of decisions you make every day in your life," such as the decision to have children, to go to college, or to go to a particular restaurant.  (*Id.* at pp. 982.)  It told the jurors that they are "'brain dead'" if they have "'no doubt.'"  (*Id.* at p. 980.)  The prosecutor repeated the court's comments in closing argument.  (*Id.* at p. 983.)  Reversing the conviction, the appellate court urged trial judges not to explain CALCRIM No. 220:  "Let it be."  (*Id.* at p. 986.)  Similarly, in *People v. Johnson* (2004) 115 Cal.App.4th 1169, 1170-1171, the court reversed a conviction where the trial court likened the deliberative process to vacation planning.  Here, the trial court did not use

3

everyday decisions to explain proof beyond a reasonable doubt. Its instructions accurately stated the law.

*Right Not To Testify*

Dermesrobian contends the trial court erred when it referred in voir dire to a "privilege" not to testify instead of an "absolute constitutional right" not to testify. He relies upon CALCRIM No. 355 ["a defendant has an absolute constitutional right not to testify"] and *People v. Ibarra* (2007) 156 Cal.App.4th 1174, 1191-1192 [CALCRIM No. 355 upheld]. The claim has no merit.

The trial court correctly instructed the jury, pursuant to CALCRIM No. 355, that Dermesrobian had an "absolute constitutional right" not to testify. (CALCRIM No. 355.) Its additional use of the word "privilege" during voir dire did not contradict this instruction and was consistent with the law. (e.g. *Carter v. Kentucky* (1981) 450 U.S. 288, 301-301 [a "no-adverse-inference" instruction protects a defendant's constitutional "privilege" not to testify].) Dermesrobian offers no contrary authority.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


GILBERT, P.J.


We concur:



YEGAN, J.



PERREN, J.


4

David B. Gelfound, Judge

Superior Court County of Los Angeles

_____

Sally Patrone Brajevich, under appointment by the Court of Appeal, for Defendnat and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, David F. Glassman, Deputy Attorney General, for Plaintiff and Respondent.